**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:12-cr-00067-RCJ-WGC |
| v. | |
| DAVID DESJARDIN, KAREN LYNN GALE, et al., | ORDER |
| Defendants. | |

Currently before the Court is Defendant Gale's Motion for Severance (#71).

On July 26, 2012, Defendant Gale filed a Motion for Severance (#71)[1], requesting an order severing Gale from a joint trial with Desjardin. Federal Rule of Criminal Procedure 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). Gale argues that Desjardin possesses evidence that would exculpate Gale, and the trial must be severed to allow Desjardin to testify without waiving his Fifth Amendment right to remain silent.

"Co-defendants jointly charged are, prima facie, to be jointly tried." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1981); *see also United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991). The granting or denial of a motion to sever under Federal Rule of Criminal Procedure 14 "is a matter within the trial court's discretion and reversal is appropriate only if an abuse of

---

[1] The Court considered the United States' responses (##91, 109, 113), and Gale's replies (#101, 112) in deciding the Motion to Sever (#71). Defendant Gale filed a second reply in response to the United States' sealed supplemental response (#109) correcting an error in its original opposition (#91).

discretion has been shown." *Doe*, 655 F.2d at 926. Severance is required when a "joint trial is 'so manifestly prejudicial that it outweighs the dominant concern with judicial economy.'" *Id.* (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "The 'great mass' of cases refuse to grant a severance despite the anticipated exculpatory testimony of a co-defendant." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). In *Doe*, the defendant requested severance because a joint trial placed him in the position of either exercising his Fifth Amendment right to remain silent or taking the stand to provide evidence necessary to exculpate his co-defendant. *Doe*, 655 F.2d at 926. The Ninth Circuit observed that if a severance motion had been granted, Doe could only exercise his right to remain silent of his own trial was held first; otherwise, his exculpatory testimony could be used against him at his own trial. *Id.* The Ninth Circuit found that a joint trial was not so prejudicial as to require severance, and the denial of the motion to sever was not an abuse of discretion. *Id.* at 926-27.

When considering a defendant's claim that a co-defendant will provide exculpatory testimony if the trial were severed, the court must weigh factors such as: (1) the good faith of the defendant's intent to have a codefendant testify; (2) the weight and credibility of the predicted testimony; (3) the probability that such testimony will materialize; (4) the economy of a joint trial; and (5) the exculpatory nature and effect of the desired testimony, that is, the degree to which the testimony is exculpatory. *Mariscal*, 939 F.2d at 885 (citing *United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977) (per curiam)). A moving defendant must show that the codefendant's testimony is 'substantially exculpatory' as a necessary condition for severance. *Id.* at 886.

Defendants Desjardin and Gale are charged with conspiring with each other and others to possess with intent to distribute 500 grabs or more of a mixture or substance containing a detectable amount of methamphetamine. (Superseding Indictment, Count One (#55).) Count II of the Superseding Indictment charges Gale and Desjardin with using a cellular telephone in facilitating the commission of a felony. (Superseding Indictment, Count Two (#55).) Desjardin and Gale are also charged with possession with intent to distribute methamphetamine. (Superseding Indictment, Count III (#55).) Each of the charges in the Superseding Indictment (#55) relates to the alleged recovery on June 19, 2012 of two pounds of methamphetamine from a vehicle occupied by Desjardin and Gale.

1     In order to satisfy the burden of showing that Desjardin would provide substantially exculpatory evidence, Gale alleges that the vehicle from which drugs were recovered was owned, controlled, and driven by Desjardin, and that Desjardin, after appropriate Miranda warnings, provided a recorded statement describing Gale as ignorant of any distribution of drugs or the existence of methamphetamine in the vehicle. Gale argues that Desjardin's testimony would completely exculpate Gale, and that the correct course of action would be to sever her trial from all defendants and hold Gale's trial following Desjardin's trial in order to preserve the Fifth Amendment right to be free of self-incrimination for Desjardin and the other defendants.

    Each of the charges in the Superseding Indictment is based on the same series of transactions or events. "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981). The interest of judicial economy weighs in favor of a joint trial in such cases, and Gale has failed to show that severance is necessary in this case. The trial is expected to involve multiple witnesses related to the wiretap investigation in this action, and severance would require involving numerous witnesses in two trials relating to the same series of events.

    Furthermore, while the potential testimony by Desjardin as described by Gale seems exculpatory, it is not substantially exculpatory because it merely contradicts portions of the government's proof, and is unlikely to materialize in any case, as the government has shown, in response to the Motion to Sever (#71), that Desjardin may provide testimony that will inculpate rather than exculpate Gale.

    For the foregoing reasons, IT IS ORDERED that Gale's Motion to Sever (#71) is **DENIED**.

DATED: This _14_ day of November, 2012

United States District Judge