

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 17 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,  )<br>      v.  )<br>DAVID DESJARDIN, KAREN LYNN GALE,  )<br>et al.,  )<br>            Defendants.  ) | 3:12-cr-67-RCJ-WGC<br><br>ORDER |

Currently before the Court are Defendant Karen Lynn Gale's Motion to Dismiss Alternatively Bill of Particulars (#78), Motion for Extended Time to File FRCP 12 Motions (#102), Motion for Severance (#112), Motion to Suppress and Request for a *Franks* Hearing (#118), and Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134).

## BACKGROUND

On July 18, 2012, the grand jury issued a superseding indictment against Defendant Karen Lynn Gale on three counts. (Superseding Indictment (#55) at 1-2). In Count One, the indictment alleged that between March 7, 2012 and June 19, 2012, Gale and her co-defendants conspired with each other to possess with intent to distribute, distribute, and aid and abet in the possession with the intent to distribute and distribution of 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 21 U.S.C. § 846, and 18 U.S.C. § 2. (*Id.*). In Count Two, the indictment alleged that between March 7, 2012 and June 19, 2012, Gale and her co-defendants knowingly and intentionally used a cellular telephone to facilitate conspiracy to

possess with intent to distribute and distribution of a controlled substance, a felony, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (*Id.* at 2). In Count Three, the indictment alleged that on June 19, 2012, Gale and her co-defendants knowingly possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. (*Id.* at 2-3).

The pending motions now follow.

## DISCUSSION

### I. Motion to Dismiss Alternatively Bill of Particulars (#78)

Gale files a motion to dismiss Count Two of the Superseding Indictment or, in the alternative, seeks to have the prosecution file a bill of particulars specifying Gale's conduct that supports the charge levied in Count Two. (Mot. to Dismiss (#78) at 1). Gale argues that her attorney has no knowledge when she allegedly used her phone to assist in the conspiracy, how her phone supported the charged conspiracy, or whether she had used her own cellular phone or somebody else's cellular phone. (*Id.* at 2). Gale argues that Count Two is fatally vague because it charges thousands of potential methods for the commission of one single crime. (*Id.* at 3). Gale argues that the count is duplicitous and should be dismissed. (*Id.* at 3-4). Alternatively, Gale requests that the government notify her of the facts showing the precise nature of the charge expressed in Count Two against her. (*Id.* at 4).

In response, the government notes that, on November 19, 2012, it provided discovery to Gale. (Opp'n to Mot. to Suppress (#130) at 1 n.1). The discovery included the identification of specific calls intercepted between Gale and co-defendant David Desjardin which included evidence of Gale's illegal use of a communication facility as charged in Count Two. (*Id.*). According to the government, one of Gale's phone calls to Desjardin showed her waiting to do a deal with Guy, whom Desjardin knew to be one of Gale's drug customers. (*Id.*).

The Court finds that the government has provided Gale with discovery that identifies the facts demonstrating the precise charge in Count Two. As such, the Court denies Gale's Motion to Dismiss Alternatively Bill of Particulars (#78).

II.   **Motion for Extended Time to File FRCP 12 Motions (#102)**

Gale filed a motion to give her a longer period of time to file additional motions. (Mot. to Extend (#102) at 1). Gale specifically requested an extension of time until October 15, 2012. (*Id.* at 2). The Court denies this request as moot because that time period has passed.

III.   **Motion for Severance (#112)**

Gale files a motion to sever her trial from the trial of her co-defendants. (Mot. to Sever (#112) at 2). The Court denies this motion as moot because all of Gale's co-defendants have either pled guilty or are scheduled to do so. (*See* Docket Sheet (#119, 142, 144, 151, 152, 153)).

IV.   **Motion to Suppress and Request for a *Franks* Hearing (#118)**

Gale moves to suppress all evidence seized on June 19, 2012, from the vehicle owned and controlled by David Desjardin. (Mot. to Suppress (#118) at 2). Gale asserts that a Washoe County Sheriff's Deputy conducted a traffic stop on the 2001 Audi four door sedan that was registered to Desjardin. (*Id.*). Gale was a passenger in the vehicle during the stop. (*Id.*). The deputy stopped the vehicle for "following too close," for his belief that the window tint was "darker than the 35%" permitted under Nevada law, and for a plastic covering obscuring the license plate. (*Id.*). After questioning Desjardin and Gale for an extensive period of time, the deputy handed Desjardin's license and registration back to him. (*Id.*). After the deputy told Desjardin he could leave, he asked Desjardin if all the property in the vehicle belonged to Desjardin and whether he could search the car. (*Id.* at 2-3). Desjardin refused to consent to the search. (*Id.* at 3). After the deputy received assurance that all of the property was Desjardin's, the deputy told Desjardin he was going to run a dog around the vehicle. (*Id.* at 3). The dog gave a positive indication associated with a controlled substance. (*Id.*). The deputy obtained a telephonic warrant which Gale challenges. (*Id.*). After conducting searches, law enforcement found controlled substances on Desjardin and in his vehicle. (*Id.*). There were no controlled substances on Gale or in her personal belongings. (*Id.*). Law enforcement found approximately 1000 grams of methamphetamine in the truck of Desjardin's vehicle. (*Id.*).

1    Gale argues that she has standing to suppress the evidence found in the vehicle. (*Id.*
2 at 4). She argues that the stop of the vehicle and the seizure of her was illegal. (*Id.*). She
3 asserts that the warrant is per se illegal because it exceeded the outer limits of detention
4 before the warrant was issued. (*Id.* at 5). She contends that the warrantless dog search
5 without Desjardin's consent violated the Fourth Amendment. (*Id.* at 8).
6    In response, the government argues that Gale does not have standing to contest the
7 search of the trunk because the Audi was not registered to her, she was not driving it, and she
8 asserted no possessory interest in the trunk. (Opp'n to Mot. to Suppress (#130) at 3). The
9 government argues, that if Gale does have standing, there was probable cause to issue the
10 search warrant and there was an objective base for stopping the vehicle. (*Id.* at 5). The
11 government asserts that Gale has failed to articulate facts in support of a *Franks* hearing. (*Id.*
12 at 8).
13    In reply, Gale asserts that she does have standing pursuant to *Brendlin v. California*,
14 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). (Reply to Mot. to Suppress (#131) at
15 2).
16    The Court finds that Gale lacks standing to challenge the search of Desjardin's trunk.
17 In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Supreme Court
18 explicitly addressed the issue of whether automobile passengers had standing to challenge
19 the search of a vehicle that they did not own, did not drive, and did not assert a possessory
20 interest in the items seized. *Id.* at 129-30, 99 S.Ct. at 423. The Court stated that Fourth
21 Amendment rights were personal rights which could not be vicariously asserted. *Id.* at 133-34,
22 99 S.Ct. at 425. "A person who is aggrieved by an illegal search and seizure only through the
23 introduction of damaging evidence secured by a search of a third person's premises or
24 property has not had any of his Fourth Amendment rights infringed." *Id.* at 134, 99 S.Ct. at
25 425. "And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth
26 Amendment . . . it is proper to permit only defendants whose Fourth Amendment rights have
27 been violated to benefit from the rule's protections." *Id.*
28    In *Rakas*, the Supreme Court held that petitioners' claims failed because they "asserted

neither a property nor a possessory interest in the automobile, nor an interest in the property seized." *Id*. at 148, 99 S.Ct. at 433. The Supreme Court held that petitioners' claims failed "since they made no showing that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers. Like the trunk of an automobile, these are areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." *Id*. at 148-49, 99 S.Ct. at 433.

In *Brendlin*, the Supreme Court addressed whether a passenger is *seized* within the meaning of the Fourth Amendment when a police officer makes a traffic stop. *Brendlin*, 551 U.S. at 251, 127 S.Ct. at 2403. The Supreme Court found that a passenger is seized and may challenge the constitutionality of the stop. *Id*. However, the Supreme Court explicitly noted that petitioner did not assert that his Fourth Amendment rights were violated by the *search* of the driver's vehicle. *Id*. at 253, 127 S.Ct. at 2404. The Supreme Court noted:

> He did not assert that his Fourth Amendment rights were violated by the search of Simeroth's vehicle, cf. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), but claimed only that the traffic stop was an unlawful seizure of his person.

*Id*. Thus, *Rakas* remains good law.

This Court finds that Gale does not have standing to challenge the search of Desjardin's trunk pursuant to *Rakas* because the car belonged to Desjardin, he was driving the vehicle at the time of the search, and Gale did not assert a property interest in the drugs seized. As such, her Fourth Amendment rights were not violated during the search of Desjardin's trunk. The Court acknowledges that Gale does have standing to challenge the stop pursuant to *Brendlin*. However, her ability to challenge the stop would not enable her to challenge the search of Desjardin's trunk and suppress the methamphetamine found there. Accordingly, the Court denies the motion to suppress (#118) based on lack of standing. The Court also denies the request for a *Franks* hearing.

V. **Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134)**

Gale filed this motion on February 8, 2013. (*See* Mot. to Dismiss (#134)). The government's response was due on February 25, 2013. (*See* Docket Sheet (#134)). On

February 25, 2013, this Court scheduled a change of plea hearing for Gale to take place on March 18, 2013. (*See* Minute Order (#137)). Around March 1, 2013, Gale violated her conditions of pretrial release and the Court issued an arrest warrant. (*See* Docket Sheet (#138, 139)). On March 18, 2013, Gale did not appear for her change of plea hearing. (*See* Minutes of Proceedings (#154)).

The Court finds that the government did not file a response to this motion because Gale was scheduled to pled guilty on the date the response was due. The Court gives the government 20 days from the date of this order to file a response. Gale may file a subsequent reply in accordance with the rules. The Court notes that if Gale seeks to withdraw this motion, she may file a notice with the Court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss Alternatively Bill of Particulars (#78) is DENIED.

IT IS FURTHER ORDERED that the Motion for Extended Time to File FRCP 12 Motions (#102) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Severance (#112) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Suppress and Request for a *Franks* Hearing (#118) is DENIED.

IT IS FURTHER ORDERED that the government has 20 days from the date of this order to file a response to the Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134). Gale may file a subsequent reply in accordance with the rules.

DATED: This 17th day of May, 2013.

_____
United States District Judge