**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　　　v. )<br>DAVID DESJARDIN, KAREN LYNN GALE, )<br>et al., )<br>　　　　　Defendants. ) | 3:12-cr-67-RCJ-WGC<br><br>**ORDER** |

　　　　Currently before the Court is Defendant Karen Lynn Gale's Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134).

## BACKGROUND

　　　　On July 18, 2012, the grand jury issued a superseding indictment against Defendant Karen Lynn Gale on three counts. (Superseding Indictment (#55) at 1-2). In Count One, the indictment alleged that between March 7, 2012 and June 19, 2012, Gale and her co-defendants conspired with each other to possess with intent to distribute, distribute, and aid and abet in the possession with the intent to distribute and distribution of 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 21 U.S.C. § 846, and 18 U.S.C. § 2. (*Id.*). In Count Two, the indictment alleged that between March 7, 2012 and June 19, 2012, Gale and her co-defendants knowingly and intentionally used a cellular telephone to facilitate conspiracy to possess with intent to distribute and distribution of a controlled substance, a felony, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (*Id.* at 2). In Count Three, the indictment alleged

1 that on June 19, 2012, Gale and her co-defendants knowingly possessed with intent to
2 distribute 500 grams or more of a mixture or substance containing a detectable amount of
3 methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. (*Id.* at
4 2-3).
5  On February 25, 2013, this Court scheduled a change of plea hearing for Gale to take
6 place on March 18, 2013. (*See* Minute Order (#137)). Around March 1, 2013, Gale violated
7 her conditions of pretrial release and the Court issued an arrest warrant. (*See* Docket Sheet
8 (#138, 139)). On March 18, 2013, Gale did not appear for her change of plea hearing. (*See*
9 Minutes of Proceedings (#154)). Recently, a federal grand jury indicted Gale for failure to
10 appear in this case, 3:13-cr-47-LRH. (*See* Opp'n to Mot. to Dismiss (#167) at 1 n.1).
11  The pending motion now follows.

**DISCUSSION**

13  Defendant Gale files a Motion to Dismiss Fatal Amendment of Grand Jury Indictment
14 as to Counts One, Two, and Three of Superseding Indictment. (Mot. to Dismiss (#134) at 1).
15 Defendant argues that all three counts against her must be dismissed because the Assistant
16 United States Attorney ("AUSA") had originally argued that Defendant had knowledge of and
17 had participated in the conspiracy based on the wiretapped telephone call of June 18, 2012.
18 (*Id.* at 9). Defendant asserts that the AUSA now concedes that the use of the communication
19 device was not by Defendant but by a Jennifer Key. (*Id.*). Defendant argues that the AUSA
20 presumably presented information to the grand jury that Defendant was the person on the
21 telephone because the AUSA did not learn that Key was the person until later. (*Id.* at 5).
22 Defendant argues that the only evidence of her participation or knowledge of the conspiracy
23 was the telephone conversation of June 18, 2012. (*Id.* at 7). Defendant asserts that because
24 the AUSA did not have a grand jury amend the indictment the indictment must be dismissed
25 against her. (*Id.* at 7-8).
26  In response, the government argues that Defendant has not met her burden to have
27 the indictment dismissed because she has not proven that the prosecutor engaged in flagrant
28 misconduct that deceived the grand jury or significantly impaired its ability to exercise

independent judgment. (Opp'n to Mot. to Dismiss (#167) at 5-6). The government asserts that there was no testimony about the June 18, 2012 telephone call before the grand jury. (*Id.* at 7). The government asserts that it had presented other evidence of Defendant's involvement to the grand jury including methamphetamine found on her at the time of her arrest in the car with Desjardin, Defendant's post-*Miranda* statement to law enforcement officers that she knew about the trip to meet Desjardin's source of supply and had accompanied Desjardin on that trip, and several communications between her and Desjardin, one of which Desjardin identified Defendant as waiting for her customer, "Guy," to show up and purchase methamphetamine from her. (*Id.* at 7, 9-10).

In *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the U.S. Supreme Court held that indictments were not open to challenge on grounds that there was inadequate or incompetent evidence before the grand jury because the resulting delay would be great. *Id*. at 363, 76 S.Ct. at 408. The Supreme Court found that, if the rule were otherwise, before a trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of evidence before the grand jury. *Id*. at 363, 76 S.Ct. at 408-09. The Supreme Court held that the Fifth Amendment only required that an indictment be returned by a legally constituted and unbiased grand jury. *Id*. at 363, 76 S.Ct. at 409.

The Ninth Circuit held that "the rule to be distilled . . . must be that only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury." *United States v. Kennedy*, 564 F.3d 1329, 1338 (9th Cir. 1977).

The Court finds that Defendant has failed to meet her burden in demonstrating that the prosecution engaged in flagrant misconduct warranting the dismissal of the superseding indictment. First, the government states that the phone call in question was not presented to the grand jury. Second, the government states that it presented other evidence of Defendant's involvement in the conspiracy to the grand jury. Third, the government's misidentification was

clearly a mistake and not knowing perjury. In fact, the day after the government discovered the misidentification it filed a supplemental response with this Court explaining that after conducting a proffer with a co-defendant it discovered that it had misidentified Defendant as the voice on one of the wiretapped calls. (*See* Suppl. Resp. to Mot. to Sever (#109) at 1-2). Despite Defendant's allegations there is no evidence to suggest that the prosecution engaged in flagrant misconduct warranting the dismissal of the superseding indictment. As such, the Court denies Defendant's Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant Karen Lynn Gale's Motion to Dismiss Fatal Amendment of Grand Jury Indictment as to Counts One, Two, and Three of Superseding Indictment (#134) is DENIED.

DATED: This _9th_ day of July, 2013.

_____
United States District Judge